**Order entered April 9, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01284-CV

### KENNETH LEO BUHOLTZ, Appellant

### V.

### TEXAS DEPARTMENT OF TRANSPORTATION, Appellee

**On Appeal from the County Court at Law No. 6**
**Collin County, Texas**
**Trial Court Cause No. 006-02337-2018**

## ORDER

Before the Court is appellant's February 11, 2019 motion challenging jurisdiction and requesting appointment of counsel. Appellant filed a lawsuit against the Texas Department of Transportation and Halff Associates, Inc. After the trial court granted the Texas Department of Transportation's plea to the jurisdiction, appellant filed a notice of appeal. Because appellant's claims against Halff Associates remain pending in the underlying case, this appeal was subsequently docketed as an accelerated appeal from an interlocutory order. This Court has jurisdiction over an interlocutory order granting a plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8). Additionally, this Court does not appoint counsel. For these reasons, we **DENY** appellant's motion challenging jurisdiction.

Also before the Court are appellant's March 8, 2019 motion for sanctions and April 5, 2019 motion requesting a supplemental clerk's record to include documents filed by Halff Associates in the underlying case while this appeal has been pending. We **DENY** the motion for sanctions. Additionally, our review is limited to the record before the trial court. *See Perry Homes v. Cull*, 258 S.W.3d 580, 596 n.89 (Tex. 2008) ). The clerk's record related to this interlocutory appeal is complete. For these reasons, we **DENY** the motion for a supplemental clerk's record.

If appellant no longer wishes to pursue this interlocutory appeal, he shall file a voluntary motion to dismiss the appeal. *See* TEX. R. APP. P. 42.1(a)(1). Otherwise, appellant shall file his brief on the merits by **May 10, 2019**.


/s/     ROBERT D. BURNS, III
        CHIEF JUSTICE